UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:      -CIV-

JOSHUA POWELL,

    Plaintiff,

v.

FLORIDA BOTANICAL GARDENS FOUNDATION, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JOSHUA POWELL (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, FLORIDA BOTANICAL GARDEN (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA").

### PARTIES

2. Plaintiff, JOSHUA POWELL, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, FLORIDA BOTANICAL GARDENS FOUNDATION, INC. is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Middle District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to ADA 42 U.S.C. Sec. 1211, *et seq.* since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute.

5. 0At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

6. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

## JURISDICTION AND VENUE

7. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

8. Venue is proper in the United States District Court of the Middle District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

9. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

10. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

12. On or about August 17, 2020, Plaintiff began working for Defendant, Florida Botanical Gardens Foundation, Inc, as a horticulture specialist.

13. As part of the hiring process, Plaintiff disclosed to Defendant about his upcoming medical appointments, as well as some dental surgical procedures that were previously scheduled prior to being hired by Defendant.

14. To finalize the hiring process between Plaintiff and Defendant, Plaintiff signed a contract that detailed his annual wages, health benefits, financial protection, and retirement benefits. Plaintiff's contract that he signed with Defendant had a total compensation amount of $70,769.41.

15. A week after Plaintiff began working with Defendant, Plaintiff disclosed to his manager, Ms. Kathryn Barile, that he was HIV positive.

16. When Plaintiff told his manager, Ms. Kathryn Barile that he was HIV positive, Ms. Kathryn Barile's initial reaction was positive and told Plaintiff that "She would support him in any accommodation" he needed regarding his medical conditions and appointments.

17. Plaintiff was relieved by the positive reactions from his manager, Ms. Kathryn Barile, and believed that everything was going to go well at his job. However, Plaintiff soon realized that the promises made by his manager, Ms. Kathryn Barile, were only illusory when Plaintiff experienced issues asking for time off for his medical appointments.

18. More specifically, Plaintiff experienced many difficulties and substantial obstacles when requesting time off for his medical or dental appointments that were previously disclosed during the hiring process to Defendant.

19. In response to the heavy opposition against him in requesting reasonable accommodations to attend his medical or dental appointments, Plaintiff was forced to use his vacation time to be able to attend his medical and dental appointments and be allowed to have time off.

20. Throughout his entire tenure working with Defendant, Plaintiff experienced the same difficulties in being able to attend his medical or dental appointments, opposite of what was promised to him by his manager, Ms. Kathryn Barile. Plaintiff was never able to receive any accommodations for his medical and dental appointments from Defendant, although such accommodations were requested due to his disabilities and subjected Plaintiff to disability-based animosity.

21. Plaintiff also had obtained throughout his tenure with the Defendant numerous physician signed absence forms as result of his disabilities, which were subject to scrutiny and objections from Defendant when Plaintiff presented such forms to them.

22. On January 11, 2021, Plaintiff was wrongfully terminated by Defendant. Plaintiff, prior to his wrongful termination, had the requisite skills, education, experience, and other job-related requirements needed for his employment position, as well as positive performance reviews from Defendant while working there.

23. As a result of Defendant's discriminatory treatment of the Plaintiff based on his disabilities, Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

24. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-23 above as is set out in full herein.

25. Plaintiff is a member of a protected class under the ADA.

26. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's perceived disability and subjected Plaintiff to disability-based animosity.

27. Such discrimination was based upon the Plaintiff's perceived disability in that the Plaintiff would not have been the object of discrimination but for the fact of his medical condition.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's perceived disability was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights under the ADA.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

35. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

36. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

37. Defendant is a covered employer to which the ADA applies.

38. Defendant discharged Plaintiff from employment because of Plaintiff's perceived disability.

39. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable his to be employed by Defendant, as required under the ADA.

40. Defendant's discharge of Plaintiff on the basis of his perceived disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.

41. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088